TIFFANY W. TAI, State Bar No. 193271
BRAUNSON C. VIRJEE, State Bar No. 290376
**RITT, TAI, THVEDT & HODGES**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California  91103
(626) 685-2550 telephone
(626) 685-2562 facsimile

Attorneys for Plaintiffs GRYPHON MOBILE
    ELECTRONICS, LLC and SPACEKEY
    (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRYPHON MOBILE ELECTRONICS, LLC, a California limited liability company; and SPACEKEY (USA), INC., a California corporation, | Case No. 8:15-CV-2056 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | **1. Patent Infringement;**<br>**2. Trademark Infringement;**<br>**3. Palming Off;**<br>**4. Unfair Competition; and**<br>**5. Accounting** |
| BROOKSTONE, INC., a New Hampshire corporation; H.L. DALIS, INC., a New York corporation; MANCHESTER EQUIPMENT COMPANY, INC., a New York corporation doing business as ARMORALLBATTERY.COM; and DOES 1 THROUGH 10, inclusive, | **AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs, GRYPHON MOBILE ELECTRONICS, LLC ("Gryphon") and

SPACEKEY (USA), INC. ("Spacekey"), by and through the undersigned counsel of

record, alleges as follows:

1

## JURISDICTION AND VENUE

1.     This is an action for, among other things, infringement of a design patent owned by Spacekey and a federally registered trademark owned by Gryphon.

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 28 U.S.C. §§ 1338 (a) and (b), and 28 U.S.C. § 1367(a); and arises under the patent laws of the United States of America, Title 35 of the United States Code, as well as the federal Lanham Act, codified at 15 U.S.C. § 1125.

3.     Venue lies in the Central District of California pursuant to 28 U.S.C. §1400(a), as defendants and their agents:  (a) have voluntarily availed themselves of the laws and regulations of the State of California and of this District; (b) have had and continue to have continuous and systematic contacts with the residents of California and this District; and (c) have transacted, and are continuing to transact, business with residents of California and this District, such business having an effect in this District.  Plaintiffs allege on information and belief that, among other things, defendants have purposefully, continuously, and systematically directed their offers to sell, sales and distribution of products to residents of California and this District by offering to sell, selling and distributing products through their publicly accessible, interactive web sites, including without limitation www.brookstone.com, www.hldalis.com and www.armorallbattery.com.

## PARTIES

4.     Plaintiff Gryphon Mobile Electronics, LLC is, and at all times relevant was, a California limited liability company, duly authorized to do, and doing, business in the County of Orange, State of California.

2

5.      Plaintiff Spacekey (USA), Inc. is, and at all times relevant was, a California corporation, duly authorized to do, and doing, business in the County of Orange, State of California.  Gryphon and Spacekey are sometimes referred to collectively as "Plaintiffs" herein.

6.      Plaintiffs are informed and believe, and upon such information and belief allege, that defendant BROOKSTONE, INC. ("Brookstone") is a New Hampshire corporation with its principal place of business in Merrimack, New Hampshire.  Plaintiffs are further informed and believe, and upon such further information and belief allege, that at all times relevant hereto, Brookstone has operated and continues to operate a chain of retail stores, in addition to maintaining its commercial presence on the Internet through its website www.brookstone.com.

7.      Plaintiffs are informed and believe, and upon such information and belief allege, that defendant H.L. DALIS, INC. ("H.L. Dalis") is a New York corporation with its principal place of business at Long Island City, New York.  At all times relevant herein, H.L. Dalis' marketing efforts includes offering for sale, selling and distributing its products through the publicly accessible and interactive web site www.hldalis.com.

8.      Plaintiffs are informed and believe, and upon such information and belief allege, that defendant MANCHESTER EQUIPMENT CO., INC. ("Manchester") is a New York corporation with its principal place of business at Pine Plains, New York.  Plaintiffs are further informed and believe, and upon such further information and belief allege, that Manchester does business as Armorallbattery.com, and at all times relevant hereto, Manchester has maintained its commercial presence on the Internet by operating and continuing to operate the

3

website www.armorallbattery.com.  Brookstone, H.L. Dalis and Manchester are sometimes referred to collectively as "Defendants" herein.

9.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiffs who therefore sue those defendants by such fictitious names. Plaintiffs will amend this Complaint to insert the true names and capacities of such DOE defendants when the same have been ascertained.

10.     Plaintiffs are informed, believe and thereon allege that each defendant designated herein as a DOE is responsible in some manner for the occurrences and events herein alleged and that plaintiffs' damages were proximately caused by their conduct.

11.     Plaintiffs are informed, believe and thereon allege that unless otherwise specifically mentioned, each defendant was an agent and/or employee of each of the remaining defendants, and that in doing the things complained of herein was acting within the course and scope of such agency and/or employment.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12.     On August 19, 2014, U.S. Patent No. D711,318 S (hereinafter "the '318 Patent" or "Patent-In-Suit") was duly and legally issued to Spacekey (USA), Inc. The '318 Patent is a design patent that pertains to a mobile charging device that is imported and distributed by Gryphon under its "PowerAll" trademark.  True and correct copies of the '318 Patent and the certificate of registration of the "PowerAll" mark are attached hereto as Exhibits A and B, respectively.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13.     In or around March 2015, Gryphon was contacted by a consumer who claimed to have purchased a "PowerAll" mobile charging device from Brookstone that was counterfeit.  Upon inquiry, Gryphon learned that Brookstone had been advertising Gryphon's mobile charging device – the "PowerAll Portable Power Bank" – with Gryphon's pictures and model number of said device.  Consumer orders for said device from the website www.brookstone.com, however, were filled with a knock-off product bearing the "Armorall" brand instead.

14.     Plaintiffs are informed and believe, and upon such information and belief allege, that the "Armorall" brand charging device is manufactured and/or imported by Manchester, a former customer of Gryphon.

15.     As early as November 2014, Manchester was notified by Gryphon that the "Armorall" charging device was an infringement upon the '318 Patent and Gryphon's trademark.  In March 2015, after Gryphon learned of Brookstone's fraudulent and misleading conduct, including its false advertising of Gryphon's "PowerAll" product, Gryphon also sent a cease-and-desist letter to Brookstone to notify Brookstone of Spacekey and Gryphon's ownership of intellectual property rights.

16.     Despite having notice of the Patent-in-Suit and Gryphon's federally registered trademark, Defendants continued to pass off the "Armorall" brand charging device as Gryphon's product.  Plaintiffs are further informed and believe, and upon such further information and belief allege, that the knock-off products from "Armorall" were being delivered to Brookstone's customers by H.L. Dalis, a wholesale distributor working in concert with Brookstone.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

17.     In or around August 2015, Plaintiffs sent a cease-and-desist letter to H.L. Dalis, and further correspondence to Brookstone and Manchester demanding, among other things, that they cease their fraudulent and unlawful conduct.

18.     To date, Plaintiffs have not heard back from H.L. Dalis in regards to their cease-and-desist letter.  Brookstone, however, feigned ignorance and purported to blame H.L. Dalis – its "product distributor" – for fulfilling orders with the wrong product.  All the while, however, Brookstone has refused to provide any kind of substantive documentary evidence to support its assertions.  As for Manchester, it responded – through counsel – that the product has been redesigned so as to avoid the claim of the '318 Patent.  The limited information provided by counsel, however, demonstrates that the redesign was minimal and more importantly, Manchester continued to use photographs of the knock-off product in its advertisement.

19.     Recently, Plaintiffs learned that Manchester has begun to advertise the sale of the infringing product on its websites  www.armorallbattery.com and www.piggybackbattery.com, and through certain affiliated sellers including H.L. Dalis.

20.     Defendants have not been licensed under the Patent-in-Suit, nor do they have the right to manufacture, import, market, advertise or distribute products bearing Gryphon's federally registered "PowerAll" trademark.

21.     Judicial intervention is necessary to enjoin Defendants from causing further injury to Plaintiffs and to compensate Plaintiffs for the damages they have sustained as a result of Defendants' unlawful conduct.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# FIRST CAUSE OF ACTION

## Patent Infringement

### (By Plaintiff Spacekey Against All Defendants)

22.     Plaintiffs reallege and fully incorporate herein by reference each and every allegation contained in Paragraphs 1 through 21, inclusive.

23.     Defendants have directly infringed or indirectly infringed by inducing the infringement, and are continuing to directly infringe or indirectly infringe by inducing the infringement of the ornamental design claimed in the '318 Patent by manufacturing, importing, marketing, advertising and distributing, or by knowing aiding and abetting the manufacture, import, marketing, advertisement and distribution of products that embody the patented design described and claimed in the '318 Patent.

24.     Defendants' activities have been without express or implied license from Spacekey.

25.     Defendants will continue to infringe the '318 Patent unless enjoined by the Court.  As a result of Defendants' infringing activities Spacekey has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Spacekey is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

26.     As a result of the infringement of the '318 Patent, Spacekey is damaged, has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

27.     Defendants' past and continuing infringement of the '318 Patent has been deliberate and willful.  Their conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorneys' fees to Spacekey pursuant to 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

### Trademark Infringement

### (By Gryphon Against All Defendants)

28.     Plaintiffs reallege and fully incorporate herein by reference each and every allegation contained in Paragraphs 1 through 21, inclusive.

29.     By the actions alleged above, Defendants have infringed and will continue to infringe upon Gryphon's rights in and related to its federally registered "PowerAll" trademark by, among other things, advertising, marketing, offering for sale and/or otherwise placing upon the market unauthorized products bearing Gryphon's federally registered "PowerAll" trademark.  Gryphon has sustained and will continue to sustain damages to the value of its products, in that the wrongful acts of Defendants diminish the revenues which Gryphon would otherwise receive from its authorized exploitation of its federally registered trademark.

30.     As a direct and proximate cause of Defendants' conduct, Gryphon has been damaged in an amount to be proven at trial, but in excess of the jurisdictional threshold of this Court.

31.     Gryphon is entitled to an injunction restraining Defendants and each of them, their officers, agents and employees and all persons acting in concert with them from engaging in any further actions in violation of the Lanham Act.

32.     Defendants' infringement of Gryphon's federally registered trademark is deliberate and willful, warranting an award of treble damages and attorneys' fees under the Lanham Act.

## THIRD CAUSE OF ACTION

**False Designation of Origin In Violation of the Lanham Act**

**(By Gryphon Against All Defendants)**

33.     Plaintiffs reallege and fully incorporate herein by reference each and every allegation contained in Paragraphs 1 through 21, inclusive.

34.     By the actions alleged above, Defendants have used and continue to use in commerce false and misleading representations of fact in connection with its products and services, the likely result of which was to cause confusion or mistake among Gryphon's customers as to the origin of its products.  Indeed, Gryphon is informed and believes, and upon such information and belief alleges, that actual confusion and mistake exist as a result of Defendants' concerted conduct in advertising and offering for sale Gryphon's "PowerAll Portable Power Bank" on the Brookstone website, and then delivering to consumers who purchase said product a mobile device bearing the "Armorall" brand.

35.     As a direct and proximate cause of Defendants' conduct, Gryphon has been damaged in an amount to be proven at trial, but in excess of the jurisdictional threshold of this Court.

36.     Gryphon is entitled to an injunction restraining Defendants and each of them, their officers, agents and employees and all persons acting in concert with them from engaging in any further actions in violation of the Lanham Act.

9

37.     Defendants' conduct in causing confusion and mistake among Gryphon's customer as to the origin of Defendants' products is deliberate and willful, warranting an award of treble damages and attorneys' fees under the Lanham Act.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices

### (By All Plaintiffs Against All Defendants)

38.     Plaintiffs reallege and fully incorporate herein by reference each and every allegation contained in Paragraphs 1 through 21, inclusive.

39.     Defendants' conduct, as set forth more fully above, was unlawful, unfair and/or fraudulent and has the potential to cause confusion in the marketplace.

40.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer damages to their business, reputation and goodwill, in an amount to be established at trial.

41.     Defendants' conduct constitutes unfair competition and deceptive practices under California's *Business & Professions Code* sections 17200 et seq. and 17500 et seq.

/ / /

/ / /

/ / /

/ / /

/ / /

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FIFTH CAUSE OF ACTION

## Accounting

## (By All Plaintiffs Against All Defendants)

42.    Plaintiffs reallege and fully incorporate herein by reference each and every allegation contained in Paragraphs 1 through 21, inclusive.

43.    The exact amount of monies received by Defendants and each of them as a result of their unlawful conduct and unauthorized exploitation of Plaintiffs' patents and trademarks is unknown to Plaintiffs and can only be determined by an accounting.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for judgment against Defendants and each of them as follows:

**ON THE FIRST CAUSE OF ACTION** (For Patent Infringement By Spacekey Against All Defendants):

1.    Declaration that the '318 Patent is valid and enforceable;

2.    Declaration that each of the Defendants has infringed the '318 Patent;

3.    A preliminary and permanent injunction against each of the Defendants and their officers, agents, servants, employees and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement of the '318 Patent;

11

4.      An accounting for damages under 35 U.S.C. §284 from each of the Defendants for their respective infringement of the '318 Patent, and the award of damages ascertained against each of the Defendants in favor of Plaintiff Spacekey, together with interest as provided by law;

5.      An award of treble damages against each of the Defendants in view of their willful and deliberate infringement of the Patent-in-Suit; and

6.      A finding in favor of Spacekey that this is an exceptional case under 35 U.S.C. §285.

**ON THE SECOND AND THIRD CAUSES OF ACTION** (for Violations of the Lanham Act By Plaintiff Gryphon Against All Defendants):

1.      Declaration that the "PowerAll" is valid and enforceable;

2.      Declaration that each of the Defendants has infringed the "PowerAll" trademark;

3.      A preliminary and permanent injunction against each of the Defendants and their officers, agents, servants, employees and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from engaging in further actions in violation of the Lanham Act;

4.      An accounting for damages from each of the Defendants for their respective violation of the Lanham Act, and the award of damages ascertained against each of the Defendants in favor of Plaintiff Spacekey, together with interest as provided by law; and

5.      An award of treble damages against each of the Defendants in view of their willful and deliberate conduct in violation of the Lanham Act.

12

**ON THE FOURTH CAUSE OF ACTION** (for Unfair Business Practices By All Plaintiffs Against All Defendants):

1.      For restitution of all monies otherwise acquired by Defendants by means of their unlawful and unfair business practices; and

2.      For an injunction prohibiting Defendants from engaging in further unlawful or unfair business practices.

**ON THE FIFTH CAUSE OF ACTION** (for Accounting By All Plaintiffs Against All Defendants):

1.      That Defendants and each of them be required to account for all gains, profits and advantages derived from their violations of law; and

2.      That all gains profits and advantages derived by Defendants and each of them for their violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

**ON ALL CAUSES OF ACTION:**

1.      For all reasonable attorney fees;

2.      For costs of suit incurred by Plaintiffs; and

3.      For such other relief as the Court deems just and proper.

DATED:  December 8, 2015              Respectfully submitted,

                                     RITT, TAI, THVEDT & HODGES, LLP

                                         /S/ TIFFANY W. TAI
                                     _____
                                     TIFFANY W. TAI
                                     Attorney for Plaintiffs GRYPHON MOBILE
                                     ELECTRONICS, LLC and SPACEKEY (USA),
                                     INC.

13

1

## **DEMAND FOR JURY TRIAL**

2

3          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby

4   demand a jury trial of all issues raised in this Complaint.

5

6

7   DATED:  December 8, 2015          Respectfully submitted,

8                                                         RITT, TAI, THVEDT & HODGES, LLP

9

10                                                            /S/ TIFFANY W. TAI

11                                                         TIFFANY W. TAI
                                                             Attorney for Plaintiffs GRYPHON MOBILE
12                                                         ELECTRONICS, LLC and SPACEKEY
                                                             (USA), INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14